KAMASAUSKAS *v.* KAMASAUSKAS.

DIVORCE—ALIMONY—DIVISION OF PROPERTY.

Decree of divorce giving wife sole ownership of four-family apartment valued at $5,500, acquired by their joint efforts and held by them by entireties, and requiring husband to pay $10 weekly out of his weekly wage of $23.50 to support of three minor children until they become 18 years of age, is modified, on appeal, requiring husband to pay $2.50 per week for each child until each respectively shall become 16 years of age.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 10, 1929. (Docket No. 49, Calendar No. 34,567.) Decided December 3, 1929.

Bill for divorce by Matilda Kamasauskas against Joseph Kamasauskas on the grounds of extreme cruelty. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Linsey, Shivel & Phelps,* for appellant.

*Roman F. Glocheski,* for appellee.

NORTH, C. J. In this cause plaintiff was granted a decree of divorce from the defendant on the grounds of extreme cruelty. The decree awarded plaintiff the custody of three minor children, gave her the sole ownership of real estate which the parties theretofore had held by the entireties valued at substantially $5,500, and also required the defendant to pay $10 per week towards the support of the children until they shall become 18 years of age. The defendant has appealed. He does not complain of

the decree for divorce, but seeks a review of the adjudication of property rights.

The principal pertinent facts are as follows: At the time of the trial the plaintiff was 34 years of age and her husband approximately 47. They were married in 1916. The oldest child is about ten years of age. The others are twins and are approximately five years old. The real property owned by these parties is a four-family flat, three of the flats produce a monthly income of $49, and the fourth one is occupied by the plaintiff and the children. At the time of the hearing, the defendant was earning $23.50 per week. Until the birth of her first child, the plaintiff worked outside of the home and earned from $18 to $20 per month. Whatever property these parties possess has been accumulated by their joint efforts. The plaintiff makes the claim that the defendant has in his possession substantially $3,600 in cash. This is strenuously denied by the defendant, who in turn claims that the plaintiff is possessed of something in excess of $1,600 which was withdrawn from a bank account a few months before the separation. As noted above, the decree provides that the weekly payments of $10 continue "until the children shall have arrived at the age of 18 years or until the further order of the court." Unless modified, the payments will be required for a period of substantially 13 years, at which time the oldest child will be 23 years of age.

We have given careful consideration to the above facts and others which appear in the record; and, after having done so, we are of the opinion that the disposition made of the property rights is somewhat unfair to the defendant in that it deprives him of his interests in the real estate accumulated by these parties during their marriage and imposes

upon him the burden of paying plaintiff substantially one-half of his earnings until the five-year old twins become 18 years of age, unless the decree is modified in the meantime. The testimony as to which of these parties is possessed of the money hereinbefore mentioned is very unsatisfactory and not at all convincing. The bank account was kept in the wife's name and seemingly against the desire of her husband. This being true, it is rather difficult to believe that she finally withdrew the $1,970 from the bank, and, after paying $300 taxes, turned the balance over to the defendant.

The decree should be so modified that the weekly payments accruing after modification will be $2.50 for each child and shall continue until the children respectively become 16 years of age. The decree so entered will be subject to modification in the circuit court in chancery upon application and proper showing there made. No costs will be awarded on this appeal.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.